UNITED STATES DISTRICT COURT
                    CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MONEYHAM, | Case No. EDCV 17-496-BRO (KK) |
| Plaintiff, | |
| v. | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| A. WARREN, et al. | |
| Defendant(s). | |

## I.
## **INTRODUCTION**

On April 7, 2017, Plaintiff Anthony Moneyham ("Plaintiff"), proceeding pro se and in forma pauperis, constructively filed[1] a First Amended Complaint ("FAC") pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics ("Bivens"), 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). ECF Docket No. ("Dkt.") 7, FAC. Plaintiff sues defendants Case Manager A. Warren,

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners"); Mayer v. Redix, No. CIV S-10-1552 GGH P, 2012 WL 360202, at *7 n.22 (E.D. Cal. Feb. 2, 2012) on reconsideration, No. CIV S-10-1552 GGH P, 2012 WL 1082044 (E.D. Cal. Mar. 30, 2012) (applying "mailbox rule" to Bivens action).

Hearing Administrator Dwight Miller, Acting Administrator National Inmate Appeals Roger, Warden Richard B. Ives, and Discipline Hearing Officer D. Elliot (collectively "Defendants"), each in their individual capacity, for violation of his First and Fifth Amendment rights. Id.

For the reasons set forth below, the FAC is dismissed with leave to amend.

## II.
## BACKGROUND

On March 8, 2017, Plaintiff constructively filed a Complaint pursuant to Bivens against Defendants, each in their individual capacity. Dkt. 1, Compl. The claims in the Complaint are substantially similar to those alleged in the FAC. Compare id. and Dkt. 7, FAC.

On April 7, 2017, prior to the Court's screening of the Complaint, Plaintiff constructively filed the FAC against Defendants, each in their individual capacity. Dkt. 7, FAC. Plaintiff alleges Defendants retaliated against him in violation of the First Amendment by placing him in the Special Management Unit ("SMU") program because he filed a grievance against a staff member and requested a criminal investigation. Id. Plaintiff also alleges his SMU placement violated his due process rights under the Fifth Amendment because (a) he was denied staff representation at the hearing; (b) he was denied copies of the Disciplinary Hearing Officer ("DHO") reports that were the grounds for his SMU placement; and (c) he was transferred to SMU in violation of a prison policy requiring completion of disciplinary segregation time and resolution of incident reports before transfer. Id.

As to Plaintiff's allegations regarding each defendant, Plaintiff alleges defendant Warren prepared the SMU packet based in part on Plaintiff's DHO report and ignored Plaintiff's request for a staff representative. Id. Defendant Miller conducted the SMU placement hearing where Plaintiff requested a continuance so he "could ____ evidence why [he] should not be designated to the SMU program." Id. (blank in original). Defendant Miller denied the requested

2

continuance and defendant Ives "fail[ed] to intervene." Id. Defendant Elliot withheld disciplinary hearing reports so Plaintiff could not appeal the SMU placement. Id. Plaintiff alleges he was transferred to the SMU program despite having written an incident report, "which should have delayed the transfer." Id. Finally, defendant Roger denied Plaintiff's appeal of the SMU placement after Plaintiff explained the retaliation in his appeal. Id.

Plaintiff seeks compensatory and punitive damages as well as "an injunction ordering Plaintiff['s] release from punitive segregation." Id. at 8.

## III.
## STANDARD OF REVIEW

As Plaintiff is proceeding in forma pauperis, the Court must screen the FAC and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation omitted). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630

3

F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Cook, 637 F.3d at 1004 (citation omitted).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citation omitted). "[W]e have an obligation where the p[laintiff] is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the p[laintiff] the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation omitted).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiffs are pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

///

///

# IV.

# DISCUSSION

## A. PLAINTIFFS FAIL TO STATE A FIRST AMENDMENT RETALIATION CLAIM

### (1) APPLICABLE LAW

Prisoners have a clearly established First Amendment right to file prison grievances and to be free from retaliation for doing so. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) the prisoner engaged in protected conduct; (2) an assertion that a state actor took some adverse action against an inmate; (3) the adverse action was "because of" the prisoner's protected conduct; (4) the adverse action chilled the inmate's exercise of his First Amendment rights; and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

"Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) (holding "timing can properly be considered as circumstantial evidence of retaliatory intent").

The Ninth Circuit has held that "an objective standard governs the chilling inquiry; a plaintiff does not have to show that 'his speech was actually inhibited or suppressed,' by the adverse action but rather that the action at issue 'would chill or silence a person of ordinary firmness from future First Amendment activities.'" Brodheim, 584 F.3d at 1270 (quoting Rhodes, 408 F.3d at 568–69); see also Pinard v. Clatskanie School District, 467 F.3d 755, 770 (9th Cir. 2006).

///

///

### (2) ANALYSIS

Here, Plaintiff conclusorily alleges he was retaliated against for filing a grievance. FAC at 7. However, Plaintiff does not allege any Defendant was aware he had filed a grievance or even allege any facts, such as a chronology of events, from which knowledge could be inferred. Therefore, Plaintiff has failed to sufficiently allege retaliatory intent. In addition, Plaintiff fails to allege any facts from which the Court could find placement in the SMU program "would chill or silence a person of ordinary firmness from future First Amendment activities." Brodheim, 584 F.3d at 1270. Therefore, Plaintiff's First Amendment retaliation claim is subject to dismissal.

## B. PLAINTIFF FAILS TO STATE A FIFTH AMENDMENT DUE PROCESS CLAIM

### (1) APPLICABLE LAW

The Due Process Clause of the Fifth Amendment guarantees that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S.C.A. Const. Amend. V. "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384, 162 L. Ed. 2d 174 (2005) (citations omitted). Due process analysis "proceeds in two steps: We first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures followed by the State were constitutionally sufficient." Swarthout v. Cooke, 562 U.S. 216, 219, 131 S. Ct. 859, 178 L. Ed. 2d 732 (2011).

Courts have held prisoners have "no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest," but they do have "the right not to be deprived of a protected liberty interest without due process of law." Freeman v.

Rideout, 808 F.2d 949, 951 (2d Cir. 1986); see also Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (finding inmate's claims based upon falsity of charges brought by a prison counselor did not state a constitutional claim). In order to establish the deprivation of a protected liberty interest, a prisoner must allege an "atypical, significant deprivation in which a State might conceivably create a liberty interest." Sandin v. Conner, 515 U.S. 472, 486, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995) (holding "segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest").

In order to establish the denial of procedural protections afforded by due process, a prisoner must allege denial of the requirements set forth in Wolff v. McDonnell, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974), which include written notice, the right to call witnesses, the right to present documentary evidence, and the right to have a written statement by the factfinder as to the evidence relied upon and the reasons for the disciplinary action taken. See Serrano v. Francis, 345 F.3d 1071, 1077-78 (9th Cir. 2003).

**(2) ANALYSIS**

Here, Plaintiff's due process claims suffers from a number of deficiencies. Plaintiff alleges (a) he was denied staff representation at the hearing; (b) he was denied copies of the Disciplinary Hearing Officer ("DHO") reports that were the grounds for his SMU placement; and (c) he was transferred to SMU in violation of a prison policy requiring completion of disciplinary segregation time and resolution of incident reports before transfer. FAC at 7.

First, Plaintiff fails to allege any fact to show SMU placement imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 486. Therefore, Plaintiff has failed to allege he has a liberty interest protected by the Fifth Amendment and his due process claims must be dismissed.

7

Second, to the extent Plaintiff contends defendant Roger's denial of Plaintiff's appeal is itself a due process violation, Plaintiff fails to state a claim. See Crim v. Mann, No. 1:12-CV-01089-LJO, 2013 WL 1338855, at *3 (E.D. Cal. Apr. 3, 2013), subsequently aff'd, No. 13-16085, 2017 WL 1350744 (9th Cir. Apr. 12, 2017) ("There is no independent, substantive due process right in how Plaintiff's inmate grievance should have been processed." (citing Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003))). Therefore, Plaintiff's due process claim against defendant Roger is subject to dismissal.

Third, while Plaintiff alleges the violation of the prison's procedural protections violated his due process rights, a violation of prison policy alone is insufficient to state a due process claim. See Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994) ("[I]f state procedures rise above the floor set by the due process clause, a state could fail to follow its own procedures yet still provide sufficient process to survive constitutional scrutiny."), overruled on other grounds by Sandin, 515 U.S. at 483-84.

Fourth, Plaintiff's sole allegation against defendant Ives is that he "failed to intervene." FAC at 7. However, without knowledge of the alleged constitutional violations, there is no causal connection between defendant Ives's failure to intervene and the deprivation of Plaintiff's due process rights. Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000), as amended (Oct. 31, 2000) ("[O]fficers can be held liable for failing to intercede only if they had an opportunity to intercede."). Therefore, Plaintiff has failed to allege a due process claim against defendant Ives.

Finally, to the extent SMU placement affected the length of Plaintiff's sentence (for example, by denial of good-time credits), he has not alleged the results of the hearing have been invalidated. See Edwards v. Balisok, 520 U.S. 641, 648, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997) (holding a "claim for declaratory relief and money damages, based on allegations . . . that necessarily imply the

invalidity of the punishment imposed," including the deprivation of good-time credits, "is not cognizable under § 1983"); Heck v. Humphrey, 512 U.S. 477, 487, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) (holding if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated"); see also Martin v. Sias, 88 F.3d 774, 775 (9th Cir. 1996) (order) (noting Heck applies to Bivens actions). Therefore, a due process claim that would imply the invalidity of a disciplinary hearing that would affect the length of Plaintiff's incarceration must be dismissed without prejudice.

## V.
## **LEAVE TO FILE A SECOND AMENDED COMPLAINT**

For the foregoing reasons, the FAC is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a Second Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the Second Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a Second Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the Second Amended

Complaint must be complete without reference to the Complaint or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the Second Amended Complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use.**

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a Second Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. County of Orange, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012) (citations omitted); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a Second Amended Complaint with claims on which relief cannot be granted, the Second Amended Complaint will be dismissed without leave to amend and with prejudice.**

///
///
///
///
///
///

**Plaintiff is explicitly cautioned that failure to timely file a Second Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: May 10, 2017

_/s/ Kenly Kiya Kato_
HONORABLE KENLY KIYA KATO
United States Magistrate Judge